FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

2010 JUN 14  PM 4: 51

CLERK, U.S.
WESTERN DISTRICT
DEPUTY CLERK

SA10CA0492 FB

| | | |
|---|---|---|
| **MARIA DEL CARMEN GUTIERREZ** Plaintiff, | § | |
| | § | |
| vs. | § | **CIVIL ACTION NO. _____** |
| | § | **Jury Demanded** |
| **CITY OF UVALDE,** | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF CARMEN GUTIERREZ'S
## ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

   **NOW COMES** Maria Del Carmen Gutierrez, hereinafter called Plaintiff, complaining of

and about City of Uvalde, hereinafter called Defendant, and for cause of action shows unto the

Court the following:

### I. PARTIES AND SERVICE

   1.    Plaintiff Maria Del Carmen Gutierrez, is a citizen of the United States and the

State of Texas.

   2.    Defendant City of Uvalde is a municipal governmental entity located in Uvalde

County, Texas, and may be served with process by the clerk of the court by certified mail, return

receipt requested by serving the Mayor of the City of Uvalde, Cody L. Smith, at 101 E. Main

Street, Uvalde, Texas 78801.

### II. JURISDICTION

   3.    This court has jurisdiction because the action arises under the Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a), which is in violation of 42 U.S.C.

§ 2000e-3(a), and the Age Discrimination in Employment Act, 29 USC §§ 621-634., and the amount in controversy exceeds $75,000.00.

### III. VENUE

4. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this district.  Plaintiff worked at the City of Uvalde in this district and the acts were committed by the City of Uvalde Municipal Court Department and/or an Administrative Department of the City of Uvalde.

5. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the employment records relevant to the alleged unlawful employment practice are maintained and administered in this district.

6. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because defendant has its principal office in this district.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC), alleging age and race discrimination and retaliation.  Subsequently, Plaintiff was terminated..  Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC.  A copy of the notice of the right to sue is attached as Exhibit A.  Plaintiff filed her original verified complaint with the Equal Employment Opportunity Commission (EEOC), alleging that the Defendant had committed unlawful employment practices against Plaintiff.

8. Thereafter, Plaintiff received a "Notice of Right to File a Civil Action," dated March 3, 2010 and received by Plaintiff on March 15, 2010, giving Plaintiff notice of Plaintiff's

right to sue Defendant within 90 days of its receipt.  A copy is attached hereto as Exhibit "A"

and made a part hereof for all intents and purposes.

## V. FACTS

9.      The Plaintiff faithfully worked for the Defendant City of Uvalde for

approximately 10 years in the Permit Department, and then in October 2009, the Plaintiff was

transferred to a Clerk's position in the Municipal Court.  Plaintiff used to be a supervisor in the

permit department, working under the supervision Rodney Hermanson.   In approximately

October 2009, Plaintiff was told she was being transferred to the municipal courts department

because of alleged budget cuts.  Plaintiff was replaced by a younger less experienced employee

Sandra Gonzales (30s) who was paid a higher rate of pay.  There were soon more employees in

her former department than were there when she was an employee. When she was transferred,

Plaintiff's rate of pay was also cut.  Plaintiff suffered a demotion in that she was moved from a

supervisor position to a clerk position.   Since her transfer, Plaintiff complained about the

mistreatment and discrimination and was threatened with discipline for conduct during her

former position of which she was not guilty, while her supervisor at that time suffered no

discipline.   Plaintiff suffered discrimination, harassment and retaliation because of her

complaints and was eventually terminated after filing complaints and her EEOC complaint.

On January 16, 2010, the Plaintiff filed Charge #451-2010-00536 with the Equal

Employment Opportunity Commission (EEOC) against the Defendant because of the Plaintiff's

good faith belief that she was being discriminated against based on her age and race and based

on retaliation for opposing the alleged discrimination.  In connection with that Charge, the

Plaintiff received the Notice of Right to Sue described in above Paragraphs 7 and 8.  On March

22, 2010, the Defendant terminated the Plaintiff.  Plaintiff believes that she was terminated in

retaliation of the Plaintiff filing her EEOC complaint.

10.     Defendant is engaged in an industry affecting commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

11.     On June 4, 2010, the Plaintiff was hired as a Records Clerk for the Uvalde County Sheriff's Office.

12.     On June 7, 2010, the Uvalde County Sheriff informed the Plaintiff that he had received an unsolicited phone call from the Uvalde City Manager and the Uvalde City Secretary/HR Director. They had advised the Sheriff that the Plaintiff was not re-hirable, presuming to tell the Sheriff who he could and couldn't hire.  The Sheriff told the Plaintiff that he had quickly ended the phone call and warned her that the Defendant was trying to black ball her and to interfere with her job with the County.

13.     Plaintiff believes that the Defendant's aggressive unsolicited negative reference was in continued retaliation of the Plaintiff's filing of her EEOC complaint against the Defendant and therefore in continued violation of the Plaintiff's exercise of protected rights.

## VI. DISCRIMINATION AND RETALIATION UNDER TITLE VII
## AND THE ADEA

14.     The Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through13 as if fully restated herein.

15.     Defendant's actions as described herein constitute unlawful discrimination, retaliation and wrongful termination based on the Plaintiff's exercise of protected rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a), which is in

violation of 42 U.S.C. § 2000e-3(a), and the Age Discrimination in Employment Act, 29 USC §§621-634.

16.     Defendant's actions were done with malice and/or with reckless indifference to Plaintiff's federally protected rights.  Plaintiff is therefore entitled to compensatory damages, as provided by Title VII and the ADEA.

17.     As a result of Defendant's discrimination and unlawful retaliatory actions, the Plaintiff has suffered, and will continue to suffer actual damages in the form of lost wages, past and future, and lost employment benefits.

18.     As a result of Defendant's discrimination and unlawful retaliatory actions, the Plaintiff has suffered compensatory damages by reason of emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages.

## VII.  RESPONDEAT SUPERIOR AND RATIFICATION

19.     Whenever in this complaint it is alleged that the Defendant did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## VIII.  DAMAGES

20.     As a direct and proximate result of the Defendant's conduct and/or omission, Plaintiff suffered the following injuries and damages:

(a)     Mental anguish and emotional distress suffered in the past;

(b)     Mental anguish and emotional distress which, in all reasonable probability, will be suffered in the future; and

(c)      Lost wages, past and future, including lost employment benefits.

## IX. ATTORNEY FEES

21.      Plaintiffs are entitled to an award of attorney fees, expert fees and costs.

## X. JURY DEMAND

22.      Plaintiff further demands a trial by jury.

## XI. PRAYER

23.      **WHEREFORE, PREMISES CONSIDERED**, Plaintiff, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court and believed to exceed $75,000; attorney's fees and expert fees, together with interest, including pre and post judgment interest, as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.  Plaintiff requests a jury trial.

Respectfully submitted,

By: _____

**Adam Poncio**
**Texas Bar No. 16109800**
**Southern District Bar No: 194847**
**PONCIO LAW OFFICES, P.C.**
**5410 Fredericksburg Rd., Suite 190**
**San Antonio, TX  78229**
**Tel. (210) 212-7979**
**Fax. (210) 212-5880**

**ATTORNEY IN CHARGE FOR**
**PLAINTIFF**


**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

6